UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATRICE GILL AND NORRIS                                              Plaintiffs
THORNTON

v.                                                   Civil Action No. 3:20-cv-648-RGJ

FAMILY DOLLAR STORES OF                                              Defendants
KENTUCKY, LP, FAMILY DOLLAR
STORES OF KENTUCKY, LTD, AND
UNKNOWN AGENTS OF FAMILY
DOLLAR

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion to remand [DE 5], Plaintiffs' motion

for leave to amend [DE 8], and Defendants' motion for leave to file a sur-reply [DE 12]. Briefing

is complete and the matter is ripe. [DE 6; DE 7; DE 10; DE 11; DE 14; DE 15]. For the reasons

below, the Court **GRANTS IN PART, DENIES IN PART** Plaintiffs' Motion to Remand [DE 5],

**DENIES AS MOOT** Plaintiffs' Motion for Leave to File First Amended Complaint [DE 8], and

**DENIES AS MOOT** Defendants' Motion for Leave to File Sur-Reply Memorandum [DE 12].

## I.     BACKGROUND

On December 19, 2019, while Plaintiffs were shopping in a Family Dollar in Jefferson

County, Kentucky, two Family Dollar employees physically assaulted them. [DE 1-1 at 10]. In

January 2020, Plaintiffs sent a letter to Defendants requesting, among other things, the names of

the employees who assaulted them. [DE 5-3 at 84]. Plaintiffs claim that Defendants never

responded to their letter. [DE 5-1 at 76].

In May 2020, Plaintiffs sued in Jefferson Circuit Court, asserting state law claims against

Family Dollar Stores, LP, Family Dollar Stores, LTD, and Unknown Agents of Family Dollar.

[DE 1-1 at 8].  Plaintiffs allege that "the negligence of the Defendant in failure [sic] to properly provide security for the establishment was the proximate cause of the Plaintiffs' injuries or a substantial factor thereof" and that "the deadly weapon involved in the assault was provided for use by the Defendant and the intentional acts of violence were accomplished while the unknown Defendants were within the scope of their employment duties with the Defendant." *Id.* at 9.  The "Unknown Agents" are the two employees who allegedly assaulted Plaintiffs.  *Id.*   In their Complaint, Plaintiffs stated that they believed that the Unknown Agents were Kentucky residents. *Id.* ("[T]he Unknown employees and/or Agents of the Defendants, Family Dollar Stores of Kentucky, LP and Family Dollar Stores of Kentucky, Ltd., are believed to be residents of Jefferson County, Kentucky").

The parties began conducting discovery.  [DE 5-1 at 77].  On August 14, 2020, Defendants responded to Plaintiffs' interrogatories.  In its second interrogatory, Plaintiffs asked Defendants to:

> **INTERROGATORY NO. 2**: Please identify  the individuals who were involved in the altercation with the Plaintiffs and state their names, addresses, and current employment status of such individuals.   If such employment status has been terminated, please state reason why.

[DE 5-5 at 93 (formatting in original)].

Defendants responded:

> **ANSWER**: To the  best of Defendants' belief and understanding, and subject to ongoing investigation and discovery, the following individuals were involved in the incident alleged by Plaintiffs in their Complaint:
>
> 1.  Toni Lachelle Hall—4723 S. 3rd Street, Apt. 1, Louisville, KY 40214—Employment terminated following and as a result of incident alleged in Plaintiffs' Complaint.
>
> 2.  Jetia Key Hall—3325 Peachtree Avenue, Louisville, KY 40215—Employment terminated following and as a result of incident alleged in Plaintiffs' Complaint.

*Id.* at 93-94 (formatting in original).

In September 2020, Defendants removed the case to this Court. [DE 1]. Family Dollar Stores, LP, and Family Dollar Stores, LTD, are citizens of North Carolina, and Plaintiffs are citizens of Kentucky. *Id.* at 3. Plaintiffs now move the Court to remand the case to Kentucky state court. [DE 5]. Plaintiffs also move for leave to file an amended complaint to add Ms. Toni Hall and Ms. Jetia Hall as defendants. [DE 8]. And Defendants move for leave to file a sur-reply to Plaintiffs' motion to amend. [DE 12].

## II.   **STANDARD**

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. §§ 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Jurisdiction is determined as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). Federal district courts are courts of limited, not general, jurisdiction and "the absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996). For that reason, "[a]ll doubts [should be] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

3

### III.   DISCUSSION

Plaintiffs argue that the Court should remand the case to state court because removal was untimely and the parties were not diverse.  [DE 5-1 at 75-79].  In the alternative, Plaintiffs move to amend their complaint to add Ms. Toni Hall and Ms. Jetia Hall as defendants.  [DE 8].  Plaintiffs also move the Court for attorney's fees.  *Id.*  Defendants contend that they timely removed the case, that diversity existed at the time of removal, and that attorney's fees are unmerited.  [DE 6 at 111-117].  Defendants object to Plaintiffs' proposed amendment.  [DE 12].

As discussed below, the parties were not diverse at the time of removal because Defendants knew that the Unknown Defendants were Kentucky citizens.  Because the Court is remanding the case to state court based on lack of diversity, it need not consider Plaintiffs' arguments about timeliness, Plaintiffs' motion to amend, or Defendants' motion for a sur-reply.

1.   Diversity at Time of Removal

Plaintiffs argue that the parties were not diverse at the time of removal because the Unknown Agents are citizens of Kentucky.  [DE 5-1 at 78 ("Defendant knew who the Unknown Defendants were all along, knew where they lived, knew they were Kentucky residents, knew it was prohibiting action against them by concealing their identity, knew that they were about to be joined in the state action once they were identified, and removed the matter anyway").  Defendants argue against remand because the Unknown Agents are "fictitious defendants" and their citizenship should be disregarded.  [DE 6 at 114].

As the removing party, Defendants bear the burden of proving the existence of federal jurisdiction.  *Eastman*, 438 F.3d at 449. "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statement should be strictly construed and all doubts resolved in favor of remand."  *Id.*  at 449-450 (alteration

4

in original) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir.1996)).  28 U. S.C. § 1441(b) mandates that in "determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded."   § 1441(b) "treats references to unknown defendants like a fictitious name.  Thus the analysis is the same whether a defendant is listed as 'Unknown Agent'  or something as arbitrary as 'John Doe.'"  *Allen v. Frasure Creek Mining Co.*, No. CV 12-110-GFVT, 2012 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2012)

But, § 1441(b)'s mandate does not apply "when the complaint provided a description of a fictitious defendant in such a way that his identity could not be reasonably questioned."  *Musial v. PTC All.,* No. 5:08CV–45R, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008).  Application of this exception is particularly appropriate where the named defendant is a corporation and the fictitious defendant is an employee of the corporation because the corporation is probably "in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court."  *Id.* (internal quotation marks and citation omitted).

*Musial* is instructive.  There, a man named James Surrena was killed when a "pipe that he was transporting in a flatbed trailer shifted and pierced into the truck cab."  *Id.* at 1.  Plaintiffs claimed that his "death was caused by the improper loading of the pipe as well as the failure of the flatbed trailer's front end structure device." *Id.* Plaintiffs sued PTC Alliance Corporation, Great American Lines, Inc., Fontaine Trailer Company, Keith Gilkey, "John Doe," and Unknown Defendants.  *Id.*  In their complaint, plaintiffs identified "John Doe" as the "'person responsible for loading trailer'" and an "'individual that resides in and is a citizen in the State of Kentucky.'"  *Id.*  at 2.  Defendants removed the case to federal court.  *Id.* at 1.  Remanding the case to state court, the court reasoned that:

> Clearly Defendant PTC is in a better position than Plaintiffs to ascertain the citizenship of Defendant "John Doe." The Court finds that Defendant PTC has or should have full knowledge of the identity of the employee who loaded Surrena's trailer with pipe. Thus, this Court finds that Plaintiffs have provided a description of Defendant "John Doe" in their Complaint in such a way that his identity could not reasonably be questioned . . . [T]his Court finds that it would be unfair to Plaintiffs to force them from their chosen state court forum into federal court by allowing Defendant PTC to plead ignorance about the identity and citizenship of their employee Defendant "John Doe." Therefore, this Court finds that the citizenship of Defendant "John Doe" should be taken into account for diversity purposes. As Defendant "John Doe" is alleged to be a citizen of Kentucky, this Court must remand the action to state court. 28 U.S.C. § 1441(b).

*Id.* at 4.

Here, like in *Musial*, Plaintiffs' Complaint describes the fictious defendants so that their identity could not be reasonably questioned. The Complaint describes a violent assault in one of Defendants' stores. [DE 1-1 at 9-13]. It also provides the date of the assault and the geographic location. *Id.* Based on this information alone, Defendants could determine the identities of the Unknown Agents. But Defendants did not need to rely on allegations in the Complaint to determine who the Unknown Agents were because they *actually knew* before removing this case that the Unknown Agents were Kentucky residents. [DE 5-5 at 93-94]. Because Defendants knew that the Unknown Agents were Kentucky residents, the Court finds that the citizenship of the Unknown Agents should be considered for diversity purposes. Family Dollar Stores, LP, and Family Dollar Stores, LTD, are citizens of North Carolina, and Plaintiffs are citizens of Kentucky. [DE 1 at 3]. As Unknown Agents are also citizens of Kentucky, they destroy diversity and the Court must remand this action to state court. *See Harrison v. Allstate Indem. Co.*, No. CIV.A. 11-361-KKC, 2012 WL 1029437, at *2 (E.D. Ky. Mar. 26, 2012) (considering citizenship of fictitious defendants and remanding because "Plaintiffs 'description of the fictitious defendant[s]' was sufficiently precise that Allstate actually identified and named two of the Unknown Defendants in its Response"); *Ndukwe v. Walker*, No. 1:19-CV-888, 2020 WL 3119599, at *2 (S.D. Ohio June

12, 2020) (considering citizenship of fictious defendants and remanding because the identities and citizenship of "the Doe defendants [was] known"); *Sandoval v. Republic Servs., Inc.*, No. 218CV01224ODWKSX, 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018) (considering citizenship of fictious defendant and remanding because description of defendant "far exceed[ed] that which has been deemed sufficient to destroy diversity in other cases"); *Velarde v. Smith's Food & Drug Centers, Inc.*, No. 218CV1389JCMNJK, 2018 WL 6191398, at *2 (D. Nev. Nov. 27, 2018) (considering citizenship of fictious defendants and remanding because "Plaintiffs provide[d] identifying allegations for two fictitious defendants: Richard Doe and Derek Doe," "allege[d] that Richard was the Smith's employee that rolled a meat cart over David Velarde's right foot," and "further alleged that Derek was Richard's supervisor").

2.    Attorney's Fees

Having found remand necessary, the Court must now consider Plaintiffs' request for an award of costs and fees associated with the removal of this action under 28 U.S.C. § 1447(c). [DE 5-1 at 78-79]. A party seeking an award of costs and fees associated with removal need not prove "improper purpose" by the removing party. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). But, the party prevailing on a motion to remand is not presumptively awarded attorney fees. *Bartholomew v. Collierville*, 409 F.3d 684, 686-87 (6th Cir. 2005). Rather, the district court, in its own discretion, may award attorney fees and costs following remand of a state court action, *Morris*, 985 F.2d at 240, using a standard that "turn[s] on the reasonableness of removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Indeed, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The appropriate test "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while

7

not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, the Court declines to find that Defendants' removal was objectively unreasonable because—despite the holding in *Musial*—28 U.S.C. § 1441(b) provides that in "determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded." As a result, Plaintiffs' request for attorney's fees and costs is denied.

### IV.    CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

1. Plaintiffs' Motion to Remand [DE 5] is **GRANTED IN PART, but DENIED IN PART** as to Plaintiffs' request for costs, expenses, and attorney's fees.

2. Plaintiffs' Motion For Leave to File First Amended Complaint [DE 8] is **DENIED AS MOOT**.

3. Defendants' Motion For Leave to File Sur-Reply Memorandum [DE 12] is **DENIED AS MOOT**.

4. This matter is remanded to Jefferson County Circuit Court for further proceedings and **STRICKEN** from this Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

April 7, 2021

8

Copies to: Counsel of record and Jefferson County Circuit Court